Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Warren<br><br>                      Plaintiff,<br><br>v.<br><br>Sunrise Assessment Services<br><br>                  Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. David Warren, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Sunrise Assessment Services, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9.  Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

11. Plaintiff is a natural person who resides in the City of Citrus Heights, County of Citrus Heights, State of California.

12. Defendant is located in the City of Fair Oaks, the County of Sacramento, and the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

HYDE & SWIGART
San Diego, California

17.    This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.    As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

18.    At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

19.    At all times relevant, Defendant conducted business within the State of California.

20.    Sometime before March 6, 2009, Plaintiff is alleged to have incurred certain financial obligations.

21.    These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22.    These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23.    Sometime thereafter, but before March 6, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.    Plaintiff currently takes no position as to the validity of this alleged debt.

24.    Subsequently, but before March 6, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25.    On or about March 6, 2009, Defendant mailed a dunning letter to Plaintiff.    A few days later, Plaintiff received that letter.

HYDE & SWIGART
San Diego, California

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

29. This initial communication to Plaintiff by Defendant included a written notice, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a)(1), as well as Cal. Civ. Code 1788.17 as it incorporates 15 U.S.C. § 1692g(a)(1), because it failed to state "the amount of the debt," and instead stated, "As of the date of this letter, the amount due and owing on this account is $1,310.20, plus accruing charges, attorney fees; and other charges as provided under the terms of the governing documents."

30. In this initial communication to Plaintiff by Defendant, Defendant stated that "Any partial payment received will incur a $25.00 fee for the additional handling required to return it to you." This statement represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated the language in 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

31. In this initial communication, Defendant demanded payment of a "Pre-Lien Fee" in the amount of $250.00, a $35.00 fee for "Vesting Documents," a $20.00 fee for "PL Mailing-Certified," and a $6.00 fee for "PL Mailing-Regular." Through this conduct, Defendant was collecting an amount

Hyde & Swigart
San Diego, California

(including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

32. Subsequently, and on numerous occasions, Plaintiff mailed to Defendant single partial payments in an effort to pay the debt that was in arrears and that was undisputed.   On each of these occasions, Plaintiff directed that these partial payments be made as to the undisputed portion of the debt.

33. Subsequently, on each occasion in which Plaintiff made a single partial payment in an effort to pay the debt that was in arrears, Defendant returned the payments tendered and refused to credit Plaintiff for the payments made.

34. Because Defendant failed to apply said payments in accordance with Plaintiff's directions, Defendant violated 15 U.S.C. § 1692h, as well as Cal. Civ. Code § 1788.17.

35. After each occasion in which Plaintiff made a single partial payment in an effort to pay the undisputed debt that was in arrears, Defendant charged Plaintiff a fee of $25.00 under the guise that said fee had to be charged as the payment tender by Plaintiff was only partial.   Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

36. By refusing to accept said payments from Plaintiff, Defendant caused Plaintiff to subsequently incur additional interest that would otherwise not be alleged.

37. Subsequently, after each occasion in which Defendant returned the payments tendered and refused to credit Plaintiff for the payments made, Defendant

HYDE & SWIGART
San Diego, California

attempted to collect this additional interest that would otherwise not be owed. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.   Consequently, Defendant violated 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

38.   Subsequently, after each occasion in which Defendant returned the payments tendered and refused to credit Plaintiff for the payments made, Defendant attempted to collect the $25.00 fee that was not expressly authorized by the agreement creating the debt or permitted by law.   Through this conduct, Defendant violated 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

39.   Additionally, Defendant subsequently demanded payment of such items as "Lien" and "Pre-Lien Fees," "Vesting Documents Fees," "Mailing Fees," and "Record Release Fees."   All of these fees were fees not expressly authorized by the agreement creating the debt or permitted by law, and through this conduct Defendant violated 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

40.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

HYDE & SWIGART
San Diego, California

1   an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

2   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

3   Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

43.   Plaintiff repeats, re-alleges, and incorporates by reference, all other
      paragraphs.

44.   The foregoing acts and omissions constitute numerous and multiple violations
      of the RFDCPA, including but not limited to each and every one of the above-
      cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

45.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to
      any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory
      damages for a knowing or willful violation in the amount up to $1,000.00
      pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and
      costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and
Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §
  1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant
  to 15 U.S.C. § 1692k(a)(3);

- An award of actual damages pursuant to California Civil Code §
  1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code
  § 1788.30(b);

HYDE & SWIGART
San Diego, California

•     An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

46.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: July 16, 2009               Hyde & Swigart

                                     By: /s/ Robert L. Hyde
                                     Robert L. Hyde
                                     Attorneys for Plaintiff

**HYDE & SWIGART**
San Diego, California