IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WARREN,<br><br>            Plaintiff,<br><br>   v.<br><br>SUNRISE ASSESSMENT SERVICES,<br><br>            Defendant. | 2:09-cv-01963-GEB-GGH<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

     A lawyer in this action had the audacity to call chambers for the purpose of requesting a telephonic appearance at the scheduled status conference, even though counsel had not filed a timely status report. The parties eventually filed a late status. "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998). Counsel should know that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order [c]ould undermine the court's ability to control its docket . . . and reward the indolent and the cavalier," unless judicial action dissuade counsel from such behavior. Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted). If counsel do not heed this warning, the Court could determine in a sanctions proceeding commenced in the future

whether sanctions should be imposed for failure to comply with a court order.

The status (pretrial scheduling) conference scheduled for December 14, 2009 is vacated since the parties indicate in their untimely Joint Status Report, filed December 7, 2009, that the following Order should issue.

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

## DISCOVERY

All discovery shall be completed by August 23, 2010. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before March 22, 2010, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before April 22, 2010.

---

[1] The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. See Local Rule 302(c)(1). A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

1 | MOTION HEARING SCHEDULE

2 |    The last hearing date for motions shall be October 25, 2010,
3 | at 9:00 a.m.[2]
4 |    The parties are cautioned that an untimely motion
5 | characterized as a motion in limine may be summarily denied.  A motion
6 | in limine addresses the admissibility of evidence.
7 | FINAL PRETRIAL CONFERENCE
8 |    The final pretrial conference is set for December 20, 2010,
9 | at 2:30 p.m.  The parties are cautioned that the lead attorney who
10 | WILL TRY THE CASE for each party shall attend the final pretrial
11 | conference.  In addition, all persons representing themselves and
12 | appearing in propria persona must attend the pretrial conference.
13 |    The parties are warned that non-trial worthy issues could be
14 | eliminated *sua sponte* "[i]f the pretrial conference discloses that no
15 | material facts are in dispute and that the undisputed facts entitle
16 | one of the parties to judgment as a matter of law." Portsmouth Square
17 | v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
18 |    The parties shall file a JOINT pretrial statement no later
19 | than seven (7) calendar days prior to the final pretrial conference.[3]
20 | The parties shall include in the joint pretrial statement: (1) a list

---

[2]  This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

[3]  The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

of the remaining claims against each defendant; (2) a list of the remaining affirmative defenses; and (3) the estimated number of trial days.[4]  Further, in accordance with Local Rule 281(b)(3)-(4), the parties shall provide the undisputed facts they agree can be read to the jury before opening statements, or used by the judge in deciding a bench trial; and a concise statement of disputed factual issues pertinent to the claims and affirmative defenses to be tried.

The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on February 22, 2011.

Dated:  December 9, 2009

*[signature]*
GARLAND E. BURRELL, JR.
United States District Judge

---

[4]  **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

4